IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW LEE,<br><br>        Plaintiff,<br><br>    v.<br><br>THE PEP BOYS MANNY MOE AND JACK OF CALIFORNIA, et al.,<br><br>        Defendants. | Case No.: C-12-05064 JSC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** |

This Fair Debt Collection Practices Act ("FDCPA") and California Unfair Competition Law ("UCL") lawsuit arises out of an employee's alleged misuse of his employee discount and for changing the oil on his car while at work. Plaintiff Andrew Lee initiated this action in Alameda County Superior Court against Defendants The Pep Boys Manny Moe and Jack of California ("Pep Boys"), Palmer, Reifler & Associates ("Palmer"), and Patricia Hastings ("Hastings") and Defendants subsequently removed the action to federal court. Now pending before the Court is Defendants' motion for judgment on the pleadings as to Plaintiff's non-FDCPA UCL allegations. (Dkt. No. 69.) Having carefully reviewed the parties' submissions, the Court concludes that oral argument is

United States District Court
Northern District of California

unnecessary, VACATES the January 16, 2014 hearing, and GRANTS the motion in part and DENIES the motion in part.

## BACKGROUND

The Court summarized the factual allegations of the First Amended Complaint ("FAC") (Dkt. No. 5-4) in detail in its December 7, 2012 Order (Dkt. No. 23) which it incorporates by reference. In short, at some point during his employment with Pep Boys, Plaintiff was accused of performing an oil change on his own car while at work that he did not pay for and using his employee discount to complete customer transactions on behalf of family members and friends. Following his termination, Plaintiff received two letters purporting to be from Pep Boys' attorney. The first letter, dated May 23, 2012, demands $350 within 20 days, and the second letter, dated June 12, 2012, demands $625 within 10 days. (*See* Dkt. No. 13.) The June 12 letter, which is substantially similar to the May 23 letter, states in relevant part:

> This Law Firm represents Pep Boys concerning its civil claim against you in connection with an incident in their store 607 on 4/17/2012. You have failed to make full payment after written demand to do so.
>
> Pursuant to the Cal. Penal Code§ 490.5 "Theft of retail merchandise; civil liability", Pep Boys may consider moving forward with a statutory civil damages claim against you.
>
> **At this time, our client is requesting that you settle this matter by making payment to us in the amount of $625.00 within ten (10) days of the date of this letter.** . . . Upon receipt of your full payment, you will receive a written release of the statutory civil "penalty" claim.
>
> . . .
>
> Should payment fail to be made on time or payment arrangements not be set up within the above stated time period, we may review the matter for the possibility of recommending that our client take further civil action and depending on the state law, may choose to make a higher settlement request on behalf of our client. Pep Boys may in the future consider filing a lawsuit, in which case it will likely seek any available attorney's fees, court costs and other legal expenses throughout such litigation. Any defending party to such a lawsuit would likely be served by a process server with a summons requiring the party or the party's attorney to respond and/or appear in court to defend the action. If successful in any such litigation, we estimate that Pep Boys would be seeking a final judgment of damages, attorney's fees and court costs up to

2

> the maximum amounts allowed by law which could therefore, [sic] exceed the amount demanded above.
>
> We strongly encourage you to make payment or set up payment arrangements within the time period requested above to avoid further civil requests.

(Dkt. No. 13 at 6.)

In its previous Order partially dismissing the FAC, the Court denied Defendants' motion to dismiss the FDCPA claim, concluding that the alleged transactions were not nonconsensual as a matter of law. In addition to dismissing the UCL claim with leave to amend for lack of standing, the Court also ruled that particular allegations in the FAC regarding Pep Boys' initial receipt of $20 in restitution were insufficient to state a claim under both the UCL's "unfair" and "fraudulent" prongs. Plaintiff subsequently filed a Second Amended Complaint ("SAC").

**LEGAL STANDARD**

"After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The standard of review is "functionally identical" to the Rule 12(b)(6) standard. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011). Accepting all allegations of the non-moving party as true, judgment "is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989). "Dismissal [of claims] can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). In deciding a Rule 12(c) motion, the court may consider "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Generally, when a complaint is dismissed, "leave to amend shall be freely given when justice so requires." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010); *see* Fed. R. Civ. P. 15(a). The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir.

3

2000) (citations and internal quotation marks omitted). This is especially true where the plaintiff is proceeding pro se. *See id.* at 1131. However, the court's "discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Cafasso,* 637 F.3d at 1058 (internal citations and quotation marks omitted).

**DISCUSSION**

Defendants' motion seeks judgment on Plaintiff's UCL claim to the extent that claim does not depend upon an alleged violation of the FDCPA.[1] Following a Court-ordered phone call between the parties, Plaintiff identified Paragraph 34, subsections (a) and (b), of the SAC as the allegations supporting his "standalone" UCL claim. Those subsections provide:

> DEFENDANTS, and each of them, have engaged and continue to engage in unfair and unlawful business practices in California in violation of the UCL by practicing, employing and utilizing the debt collection practices outlined above, include, to wit, by: (a) seeking charges from alleged debtors, including PLAINTIFF, in excess of those expressly permitted by California statute, including without limitation, California Penal Code § 490.5(b); (b) accusing alleged debtors, including PLAINTIFF, of violating California Penal Code § 490.5, without determining whether § 490.5 applied to these alleged debtors in the first place; . . . .

(Dkt. No. 25 ¶ 34.) Regarding subsection (b), Plaintiff asserted in the phone call that "whether § 490.5 applied to these alleged debtors in the first place" means "whether the debtors have been convicted of the actual alleged theft." (Dkt. No. 70-1 at 5:25-6:4.)[2]

The UCL broadly prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code §§ 17200 et seq. By proscribing any "unlawful" business practice, the UCL "borrows violations" of other state and federal laws and makes them independently actionable. *Cel-Tech Commc'n, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999). A practice may "be

---

[1] Because Defendants' motion does not distinguish between defendants, the Court assumes for purposes of this motion that Defendants' liability is coextensive.

[2] The Court rejects Plaintiff's contention, stated in a footnote, that Defendants' motion is procedurally improper because "Defendants could have raised the arguments in connection with their motion to dismiss." (Dkt. No. 75 at 1 n.1.) Plaintiff cites no authority in support of his contention. In fact, it is not uncommon for a Rule 12(c) motion to follow a Rule 12(b)(6) motion. *See, e.g.*, *Chimara v. Contra Costa Cnty Gov't*, 2013 WL 1899801, at *1 (N.D. Cal. May 7, 2013). Nor is this a motion for reconsideration in disguise since no issue in the pending motion was even presented to the Court on Defendants' earlier motion to dismiss.

deemed unfair or deceptive" under the UCL "even if it is not unlawful." *Id.* An unfair business practice is "one that either offends an established public policy or is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." *McDonald v. Coldwell Banker*, 543 F.3d 498, 506 (9th Cir. 2008) (internal quotation marks omitted). Whether a business practice is unfair "involves an examination of that practice's impact on its alleged victim, balanced against the reasons, justifications and motives of the alleged wrongdoer." *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 826 (9th Cir. 2008). "An employer's business practices concerning its employees" are within the scope of the prohibition against unfair competition. *Wilkinson v. Times Mirror Corp.*, 215 Cal. App. 3d 1034, 1052 (1989). "What constitutes 'unfair competition' or 'unfair or fraudulent business practice' under any given set of circumstances is a question of fact . . . ." *People v. McKale*, 25 Cal. 3d 626, 635 (1979).[3]

**A.    Unfair Act or Practice**

The parties dispute whether the June 12 letter violated the unfair prong of the UCL by seeking $625, which exceeds the $500 a merchant may recover under California Penal Code Section 490.5.[4] That section provides in relevant part:

> When an adult or emancipated minor has unlawfully taken merchandise from a merchant's premises, or a book or other library materials from a library facility, the adult or emancipated minor shall be liable to the merchant or library facility for damages of not less than fifty dollars ($50) nor more than five hundred dollars ($500), plus costs. In addition to the foregoing damages, the adult or emancipated minor shall be liable to the merchant for the retail value of the merchandise if it is not recovered in merchantable condition, or to a library facility for the fair market value of its book or other library materials. An action for recovery of damages, pursuant to this subdivision, may be brought in small claims court if the total damages do not exceed the jurisdictional limit of such court, or in any other appropriate court. The provisions of this subdivision are in addition to other civil remedies and do not limit merchants or other persons to elect to pursue other civil remedies.

---

[3] The third UCL prong—fraudulent conduct—is not alleged in the SAC.
[4] The parties do not dispute that the May 23 letter, which sought only $350, did not violate the UCL by seeking more than the $500 afforded in Section 490.5. Thus, Defendants' motion is GRANTED with respect to whether the May 23 letter violated the UCL by seeking more than $500.

5

Cal. Pen. Code § 490.5(c).[5] Thus, pursuant to Section 490.5, an adult, such as Plaintiff, who "unlawfully" takes merchandise from a merchant is liable to the merchant for no more than $500, though the merchant can seek remedies in addition to Section 490.5.

Because the June 12 letter can reasonably be interpreted as seeking $625 pursuant to Section 490.5, Defendants' motion must be denied. As quoted above, the June 12 letter provides:

> Pursuant to the Cal. Penal Code § 490.5 "Theft of retail merchandise; civil liability", Pep Boys may consider moving forward with a statutory civil damages claim against you.
>
> **At this time, our client is requesting that you settle this matter by making payment to us in the amount of $625.00 within ten (10) days of the date of this letter.** . . . Upon receipt of your full payment, you will receive a written release of the statutory civil "penalty" claim.

(Dkt. No. 13 at 6.) The letter informs Plaintiff that Pep Boys "may consider" bringing a civil damages "claim" against him, pursuant to Section 490.5. The letter then identifies the settlement demand ($625) and states that, upon full payment, the claim—that is the civil penalty claim—will be released. The letter can plausibly be read to demand payment of $625 to satisfy only Pep Boys' claim "pursuant to [Section] 490.5," even though Pep Boys would be able to seek only up to $500 pursuant to that statute. The Court cannot say this practice is not "unfair" as a matter of law.

Defendants' arguments to the contrary rely on a different interpretation of the letter. Defendants contend that they could lawfully seek damages in excess of $500 because Section 490.5 allows the merchant to seek additional remedies. Defendants further assert that the letter explicitly states that Defendants are not limited to pursing a Section 490.5 claim. (*See* Dkt. No. 13 at 6 ("Should payment fail to be made on time or payment arrangements not be set up within the above stated time period, we may review the matter for the possibility of recommending that our client take further civil action and depending on the state law, may choose to make a higher settlement request

---

[5] Defendants argue that Plaintiff's claim is limited solely to subsection (b), which imposes liability on the parent or legal guardian of a minor who committed petty theft. Defendants are incorrect. The SAC plainly alleges that Defendants sought "charges from alleged debtors, including PLAINTIFF, in excess of those expressly permitted by California statute, including *without limitation*, California Penal Code § 490.5(b)." (Dkt. No. 25 ¶ 34.) Given this allegation, and the obvious fact that subsection (c), not subsection (b), applies to this case, Defendants were on notice of the basis for Plaintiff's claim.

6

on behalf of our client.")  The issue, however, is not whether Defendants could seek additional remedies beyond the $500 afforded in Section 490.5; rather, the issue is whether Defendants sought more than the $500 afforded in Section 490.5 in the first instance, before invoking its right to additional remedies.  The letter's representation that the recipient will receive a release of the statutory civil penalty claim upon payment of the $625 sought supports a reasonable inference that Defendants were seeking $625 solely under the statutory penalty claim; Defendants were not offering to release any of the other remedies in exchange for the payment.  Because this is one plausible interpretation of the letter, Defendants' other, possibly plausible interpretation is not dispositive.  *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6).  Plaintiff's complaint may be dismissed only when defendant's plausible alternative explanation is so convincing that plaintiff's explanation is *im*plausible.").

Plaintiff also argues that the letter is "unfair" because it demanded money under Section 490.5 when Plaintiff was neither convicted nor charged with any crime.  Because a charge or conviction for theft is not a prerequisite to recovery under Section 490.5, the letter is not "unfair" under this theory.  As noted above, Section 490.5(c) allows a merchant to commence a civil action against a person who has "unlawfully" taken merchandise from the merchant's premises.  Cal. Pen. Code § 490.5(c).  The plain language of the statute does not condition commencement of the civil action on a criminal charge or conviction.  Further, the California Attorney General has opined that "[t]he disposition of a criminal court action is not a prerequisite for the recovery of damages in a civil action filed under Penal Code section 490.5."  69 Op. Cal. Att'y Gen. 271, at *1 (1986).  Defendants' motion is accordingly granted on this basis without leave to amend.

Plaintiff's only purported authority to the contrary is the California Court of Appeals' unpublished opinion in *Mers v. Fry's Elecs., Inc.*, 2002 WL 31820968 (Cal. Ct. App. Dec. 17, 2002).[6]  The Court fails to see how *Mers* supports Plaintiff's argument in any way; in fact, the

---

[6] Contrary to Defendants' assertion, this Court may consider an unpublished decision of the California Court of Appeals for its "persuasive reasoning," though it is not decisional law.  *See Cole v. Doe 1 thru 2 Officers of City of Emeryville Police Dept.*, 387 F. Supp. 2d 1084, 1103 n.7 (N.D. Cal.

opinion indicates that Plaintiff's position is untenable. The *Mers* court rejected as a "red herring" Fry's argument that "allowing the judgment to stand will establish a rule that a merchant cannot send a demand letter to an individual until he is convicted for shoplifting," and cited the California Attorney General opinion quoted above, concluding: "So the bottom line is this case does not prevent Fry's, or any other merchant, from making a demand for damages under Penal Code section 490.5, so long as it does not threaten unintended litigation simply for the shock value, as an easy way to collect money." 2002 WL 31820968, at *8 n.6. *Mers* does not stand for the proposition that making a demand pursuant to Section 490.5 requires a criminal charge or conviction.

### B.     Unlawful Act or Practice

Defendants further assert that Plaintiff's UCL claim fails to the extent Plaintiff alleges that Defendants' conduct was "unlawful" because it violated Section 490.5. The Court agrees. While Plaintiff states a claim as to the unfairness of Defendants demanding more than the $500 allowed under the Penal Code, Defendants' demand did not violate the statute. Nothing in Section 490.5 makes it a violation of the law to demand more than the $500 afforded in the law. In other words, while Defendants are not entitled to such an amount, the demand itself is not unlawful. Plaintiff must rely on some other law, such as the FDCPA, that makes such conduct unlawful.

Plaintiff's reliance on *Irwin v. Mascott*, 112 F. Supp. 2d 937 (N.D. Cal. 2000) is inapposite. The *Irwin* court held that the defendant violated certain provisions of the FDCPA by seeking more in damages from writers of bounced checks than allowed by the relevant California statute. 112 F. Supp. 2d at 947. The court further held that the FDCPA violation also constituted a UCL violation. *Id.* at 955 ("This court finds that the deceptive practices described above, which violate the FDCPA, also violate the [UCL].") As noted above, the UCL claim at issue on this motion is the "standalone" UCL claim that does not rely on a violation of the FDCPA. *Irwin* did not consider such a standalone UCL claim, and thus did not hold that seeking more than allowed under a statute imposing money damages is, by itself, unlawful.

---

2005); *see also Jerry Beeman & Pharmacy Servs., Inc. v. Anthem Prescription Mgmt., LLC*, 652 F.3d 1085, 1093 (9th Cir. 2011) ("[W]e are not precluded from considering these unpublished decisions as a possible reflection of California law, although they have no precedential value.").

Finally, as already discussed above, it was not unlawful for Defendants to send Plaintiff the letters absent a criminal charge or conviction since there are no such prerequisites in the statute, even assuming that Defendants could violate the statute.

**CONCLUSION**

For the reasons stated above, Defendants' motion is GRANTED without leave to amend as to 1) Plaintiff's UCL claim under the "unfair" and "unlawful" prongs to the extent Plaintiff alleges that Section 490.5 requires a criminal charge or conviction as a prerequisite to sending a demand letter, 2) Plaintiff's UCL claim under the "unlawful" prong to the extent Plaintiff alleges that Defendants' June 12 letter demanding in excess of $500 violated Section 490.5, and 3) Plaintiff's UCL claim under both the "unfair" and "unlawful" prongs to the extent Plaintiff alleges that Defendants' May 23 letter demanding $350 sought more than the $500 afforded in Section 490.5.   The Court DENIES Defendants' motion to dismiss Plaintiff's UCL claim under the "unfair" prong regarding Defendants' allegedly excessive demand contained in the June 12 letter.

   IT IS SO ORDERED.

Dated: January 14, 2014

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE