UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW LEE,<br>　　　　Plaintiff,<br><br>　　v.<br><br>THE PEP BOYS-MANNY MOE & JACK OF CALIFORNIA, et al.,<br>　　　　Defendants. | Case No. 12-cv-05064-JSC<br><br>**ORDER RE: MOTION TO STRIKE**<br><br>Re: Dkt. No. 128 |

This Fair Debt Collection Practices Act ("FDCPA") and California Unfair Competition Law ("UCL") putative class action arises out of the attempted collection of debt incurred as a result of Plaintiff's alleged misuse of his employee discount and for changing the oil on his car while at work. Now pending before the Court is Defendants' motion to strike 17 changes that Plaintiff proposed to his deposition transcript and requesting a sanctions hearing regarding Plaintiff's conduct throughout the course of discovery. (Dkt. No. 128.) Having considered the parties' submissions, the Court concludes that oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), and GRANTS Defendants' motion to strike the errata.

**DISCUSSION**

**A.    Motion to Strike**

Plaintiff filed a motion for class certification on September 21, 2015. (Dkt. No. 120.) One week later, Plaintiff sent Defendants a notice of errata, identifying 17 changes to Plaintiff's June 11, 2015 and September 3, 2015 deposition testimony. (Dkt. No. 128-2.) Defendants notified the Court that they planned to challenge the errata. (Dkt. No. 122.) As a result, the Court delayed briefing on Plaintiff's class certification motion pending resolution of Defendants' challenge to the errata and set a briefing schedule on the deposition-related discovery dispute. (Dkt. No. 127.) On

the day Defendants' motion was due and filed, Plaintiff withdrew all proposed changes to the June 11 deposition—*i.e.*, the bulk of Defendants' argument—leaving at issue only six proposed changes to the September 3 testimony. (*See* Dkt. No. 130 ¶ 3; Dkt. No. 131  9 ¶¶ 4-5.)

Plaintiff's six proposed errata are as follows. Defense counsel asked Plaintiff whether his attorney, Mr. Hyun, was "related to any family member or friend of [his] or any member of [his family]." (Dkt. No. 128 at 20.) Plaintiff wishes to change his answer from "No" to "Not at the time I retained him[.]" Next, Plaintiff wishes to change two "No" answers to "Yes" in response to questions about whether the parties in this action did anything in 2013 and 2014 that involved "meeting with an attorney" and whether there was a settlement conference in the case. (*Id.* at 21.) Finally, Plaintiff wishes to change three "I don't know" or "I'm not sure" answers to "Yes" responses, regarding whether he had ever heard of his attorneys meeting with a mediator, whether he was aware that a mediation occurred, and whether he has a written agreement with either of his attorneys in this case. (*Id.* at 21-22.)

Federal Rule of Civil Procedure 30(e), which governs review of deposition transcripts and changes thereto, permits corrections in "form or substance" of deposition testimony under certain circumstances, provided that procedural requirements are met. However, a "deposition is not a take home examination." *Azco v. Biotech Inc. v. Qiagen, N.V.*, No. 12-cv-2599-BEN (DHB), 2015 WL 350567, at *3 (S.D. Cal. Jan. 23, 2015) (quotation marks and citation omitted); *see also Garcia v. Pueblo Country Club*, 299 F.3d 1233, 1242 n.5 (10th Cir. 2002) ("The Rule cannot be interpreted to allow one to alter what was said under oath. If that were the case, one could merely answer the questions with no thought at all then return home and plan artful responses[.]"). Thus, in the Ninth Circuit, Rule 30(e) deposition changes are subject to the "sham rule," which prevents a party from creating an issue of fact by submitting errata or an affidavit that contradicts prior deposition testimony. *Hambleton Bros. Lumber Co. v. Balkin Enters., Inc.*, 397 F.3d 1217, 1226 (9th Cir. 2005). In addition, "Ninth Circuit authority limits [Rule 30]'s application to 'corrective, and not contradictory, changes[.]" *Tourgeman v. Collins Fin. Servs., Inc.*, No. 08-cv-1392 JLS (NLS), 2010 WL 4817990, at *2 (S.D. Cal. Nov. 22, 2010) (quoting *Hambleton Bros.*, 397 F.3d at 1226). "Changing 'yes' to 'no' and 'correct' to 'no not correct' are paradigmatic examples [of]

contradiction, rather than correction." *Tourgeman*, 2010 WL 4817990, at *2 (citing *Hambleton Bros.*, 397 F.3d at 1226).

Plaintiff's six proposed errata are contradictory and should be stricken. Two errata are changes from "no" to "yes"—*i.e.*, the "paradigmatic example" of contradiction. *See Hambleton Bros.*, 397 F.3d at 1226. One change is from "no" to an implied yes—"not at the time I retained him." Thus, it is contradictory as well. Plaintiff's changes from "I don't know" to an affirmative "yes" in regard to questions exploring Plaintiff's knowledge of his own case are likewise contradictory. *See Teleshuttle Techs. LLC v. Microsoft Corp.*, No. C04-02927 JW (HRL), 2005 WL 3259992, at *2 (N.D. Cal. Nov. 29, 2005) (finding contradictory changes from "I don't recall" to an actual or affirmative answer). Rule 30(e) does not permit these contradictory changes.

Plaintiff's arguments to the contrary are unpersuasive. First, Plaintiff contends that the errata should not be stricken because the "sham correction" rule set forth in *Hambleton Brothers Lumber Co. v. Balkin Enterprises, Inc.*, 397 F.3d 1217, 1224 (9th Cir. 2005), only pertains to corrections made to depositions in an effort to defeat a motion for summary judgment, and the corrections here are neither related to summary judgment nor case dispositive. (*See* Dkt. No. 131 at 4.) But "[e]ven where changes to a deposition transcript are not used as a sham to create an issue of fact [in the context of a motion for summary judgment], Rule 30(e) may only be used for corrective, and not contradictory, changes." *Lewis v. The CCPOA Ben. Trust Fund*, No. C-08-03228-VRW (DMR), 2010 WL 3398521, at *3 (N.D. Cal. Aug. 27, 2010) (citing *Hambleton Bros.*, 397 F.3d at 1224). Indeed, other courts have rejected the same arguments Plaintiff now makes, noting that courts strike errata in contexts beyond summary judgment. *See, e.g.*, *Tourgeman*, 2010 WL 4817990, at *3 (collecting cases); *Teleshuttle Techs. LLC*, 2005 WL 3259992 at * 3 (granting stand-alone motion to strike deposition transcript errata).

Second, Plaintiff urges that the proposed changes are mere clarification that more accurately reflect the truth. It may well be that Plaintiff's answers at his deposition were incorrect. But Plaintiff's counsel had the opportunity during Plaintiff's deposition to question Plaintiff or otherwise seek clarification about any of the questions that defense counsel asked. *See* Fed. R. Civ. P. 30(c)(1) (providing an opportunity to cross examine witnesses to clarify or clear up

3

inaccuracies).

Lastly, Plaintiff argues that the Court should not strike his errata sheet because the changes are not consequential to the motion for class certification—specifically, that they have no bearing on whether Plaintiff is an adequate class representative. (*See* Dkt. No. 131 at 5.) Plaintiff's argument that his deposition corrections are irrelevant to the adequacy analysis conflicts with his insistence that the Court allow the changes. If the changes do not matter, there would be no need for errata in the first instance.

Accordingly, the Court GRANTS Defendants' motion to strike the six remaining errata.

**B.   Request for Sanctions**

Defendants have also renewed their request for the Court to set a hearing for sanctions against Plaintiff on the grounds that Plaintiff withdrew the lion's share of his proposed errata the day Defendants' motion was due, and based on Plaintiff's counsel's earlier inappropriate objections during Plaintiff's deposition. Defendants may file a noticed motion for sanctions on or before November 20, 2015. Any such motion must specify under what authority Defendant seeks sanctions.

**C.   Class Certification Briefing Schedule**

In light of the resolution of the instant discovery dispute, the Court lifts the stay on briefing for class certification. Defendants must file their opposition by November 6, 2015. Plaintiff's reply, if any, is due by November 20, 2015. The Court will hear Plaintiff's motion for class certification on December 3, 2015 at 9:00 a.m..

This Order disposes of Docket No. 128.

**IT IS SO ORDERED.**

Dated: October 27, 2015

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

4