UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW LEE,<br><br>            Plaintiff,<br><br>    v.<br><br>THE PEP BOYS-MANNY MOE & JACK OF CALIFORNIA, et al.,<br><br>            Defendants. | Case No. 12-cv-05064-JSC<br><br>**ORDER SETTING SCHEDULE ON PLAINTIFF'S UCL CLAIM** |

Plaintiff Andrew Lee ("Plaintiff") filed this action arising out of the attempted collection of debt incurred as a result of his alleged misuse of his employee discount and for changing the oil on his car while at work at Defendant The Pep Boys Manny Moe & Jack of California ("Pep Boys"). Plaintiff alleges that the settlement demand letters that Defendant Palmer Reifler & Associates and Patricia Hastings sent to Plaintiff and others violated various provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200.

By Order of December 23, 2015, the Court denied Plaintiff's motion for class certification. (Dkt. No. 156.) Consistent with that ruling, the Court set a briefing schedule for summary judgment motions on Plaintiff's FDCPA claim, with cross-motions for summary judgment due by February 18, 2016, and set a trial on the FDCPA claim for August 8, 2016. (Dkt. No. 151 at 1.) The Court did not set a schedule for the UCL claim, given Keshaila Chang's then-pending motion to intervene as an additional plaintiff and class representative. By Order of January 27, 2016, the Court denied Chang's motion to intervene, and directed the parties to jointly submit a proposed schedule for resolution of Plaintiff's UCL claim by February 5, 2016. (Dkt. No. 172 at 16.) Chang timely appealed the denial of intervention. (Dkt. No. 173.)

Instead of filing a joint status report, Defendants submitted a proposed schedule requesting that the current schedule for disposition of the FDCPA claim govern the resolution of Plaintiff's individual UCL claim. (Dkt. No. 174 at 2.) Plaintiff filed his own submission, in which he does not propose a schedule and instead requests that the Court stay the UCL claim pending resolution of Chang's appeal. (Dkt. No. 175 at 2-3.) The Court denies this request for at least two reasons. First, a separately noticed motion for stay is required before such a request will be considered, and neither Plaintiff nor Chang has so moved. And, in any event, Plaintiff offers no reason why the appeal of Chang's motion to intervene has any impact on the schedule of the remaining claims at issue here. Plaintiff chose not to appeal the denial of class certification, so it is now settled that he cannot bring a UCL class claim. Given the certification denial, Chang is not a party to this litigation and has no bearing on Plaintiff's individual UCL claim. Nor does Plaintiff address the factors relevant to determining whether a stay pending appeal is appropriate. Plaintiff instead cites *West Coast Seafood Processors Association v. Natural Resources Defense Council, Inc.*, 643 F.3d 701, 704 (9th Cir. 2011), and *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 527 (9th Cir. 1983), for the proposition that Chang's appeal will be rendered moot if the Court proceeds to adjudicate and enters judgment on the UCL claim. (Dkt. No. 175 at 2.) But these cases, both administrative law cases challenging agency action, do not help Plaintiff.

In *West Coast Seafood*, on motions for summary judgment the court ordered the agency to redraft the environmental restrictions that the intervenor sought to challenge and retained jurisdiction to ensure the agency's compliance. 643 F.3d at 704. Because the agency action that intervenor sought to challenge had been completely resolved, there was no case or controversy left to dispute, rendering the intervention appeal moot. *See id.* In contrast, here resolution of Plaintiff's individual UCL claim does nothing to moot Chang's potential UCL class claim— which, for the reasons discussed in the Court's prior Orders, Plaintiff cannot bring—and Plaintiff has not cited any authority to the contrary. Moreover, *West Coast Seafood* did not suggest that the district court *should have* stayed the underlying action pending the intervenor's appeal. His reliance on *Sagebrush Rebellion* fares no better. There, the district court refused to stay the proceedings pending the proposed-intervenors' appeal of the denial of the motion to intervene.

Thereafter the Ninth Circuit stayed summary judgment briefing pending the appeal and reversed the denial of intervention. 713 F.2d at 527.  In the opinion cited by Plaintiff there is no discussion of why the Ninth Circuit stayed the summary judgment briefing.  Further, *Sagebrush Rebellion* involved a denial of a motion to intervene as of right in which the disposition of the action would impair the proposed intervenor's rights.  Not so here.  The resolution of Plaintiff's individual UCL claim will not impair Chang's UCL claim, whether brought as an individual or class representative.  Plaintiff's unexplained insistence that if the Court adjudicates the UCL claim against Plaintiff "the class will be left without a remedy" makes no sense.  Neither Chang nor an uncertified class is bound by any ruling on Plaintiff's individual claim.  In short, Plaintiff's status report does not provide any good reason for further delaying the resolution of *his* individual claims.

For each of these reasons, the Court will adopt Defendants' proposal to schedule resolution of Plaintiff's UCL claim concurrent with adjudication of his FDCPA claim with a slight modification given that the initial deadline is barely a week away.  The parties' cross-motions for summary judgment, if any, on Plaintiff's FDCPA and UCL claims are due on **March 3, 2016**, with a hearing on **April 14, 2016**.  A jury trial on the FDCPA claim will begin on **August 8, 2016**, followed immediately by a bench trial on the UCL claim.

This Order disposes of Docket No. 176.

**IT IS SO ORDERED.**

Dated:  February 8, 2016

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

3